UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JOHN DELLAPORTAS,                                 :
                                                  :
                       **Plaintiff,**  :
                                                  :      **21-cv-3432 (ALC) (BCM)**
    -against-                                :
                                                  :      **ORDER GRANTING**
                                                  :      **MOTION TO SET ASIDE**
EQUIFAX INFORMATION SERVICES, LLC.,               :      **DEFAULT**
TRANS UNION LLC>, AND EXPERIAN                    :
INFORMATION SOLUTIONS, INC.,                      :
                                                  :
                                                  :
                       **Defendants.**    x
-----------------------------------------------------------------

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff filed this action on April 18, 2021. On May 20, 2021, Plaintiff filed an Affidavit of Service, indicating that the complaint and summons were served on the Secretary of State on May 7, 2021. On August 23, Plaintiff filed a request for default with the Clerk of Court; the Clerk's certificate of default was entered on August 24, 2021. Trans Union states that since it did not receive notice of service from the Secretary of State, it was not aware of this case until contacted by a co-defendant on August 24, 2021, regarding the entry of default. ECF 44, p.5.

Trans Union has moved to set aside the default. A default may be set aside if good cause is shown. The Second Circuit's test for good cause boils down to "1) whether the default was willful, 2) whether setting aside the default would prejudice the adversary, and 3) whether a meritorious defense is presented." *Mejia v. Comme Des Garcons, Ltd.*, No. 20 Civ. 9057 (JPC), 2021 WL 517779 at 1 (S.D.N.Y. Feb. 10, 2021) (internal citations omitted).

As indicated in its affidavit, since Trans Union was not aware of this matter until August 24, the default was not willful. This case is in its early stages; there is no prejudice to the plaintiff.

"Whether a defense is meritorious 'is measured not by whether there is a likelihood that it will carry the day, but whether [*21] the evidence submitted, if proven at trial, would constitute a complete defense.'" *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d at 167 (*citing Enron Oil Com. v. Diakuhara*, 10 F.3d at 98). "This standard applies regardless of whether there has been ... an opportunity for discovery." *Id*. In light of the fact that default judgments are generally disfavored, the Second Circuit has held that all of the factors for vacating a default judgment, including the meritorious defense factor, "should be construed generously." *Enron Oil Corp. v. Diakuhara*, 10 F.3d at 96. Trans Union has stated that it maintains and follows numerous, detailed procedures, designed to assure accuracy. If believed, this would constitute a complete defense.

I grant Trans Union's motion to set aside the default.

**SO ORDERED.**

**Dated: October 19 2021**
      **New York, New York**

　　　　　　　　　　　　　　　　　　　　　　  /s/ Andrew L. Carter, Jr.
　　　　　　　　　　　　　　　　　　　　　**ANDREW L. CARTER, JR.**
　　　　　　　　　　　　　　　　　　　　　**United States District Judge**